UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS, Plaintiff, | : | |
| vs. | : | C.A. No. 06-318 S |
| THE TOWN OF PORTSMOUTH, RHODE ISLAND, AND THE ZONING BOARD OF REVIEW OF THE TOWN OF PORTSMOUTH, RHODE ISLAND, Defendants. | : | |

**ANSWER OF DEFENDANTS**

1. Defendants admit that Nextel had sought approval of the Zoning Board of Review to install a 102' monopole and a structure for equipment near the base of the proposed pole; otherwise, the allegations of paragraph 1 are denied.

2. Denied.

**PARTIES**

3. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 3 and leave plaintiff to its proof.

4. Defendants are without sufficient knowledge or information to admit or deny the allegations of the first sentence of paragraph 4 and leave plaintiff to its proof. The allegations of the second sentence of paragraph 4 are denied.

5. Admitted.

6. Defendants admit that the Portsmouth Zoning Board of Review issued a decision that is the subject of this lawsuit; otherwise, denied.

## JURISDICATION AND VENUE

7. Defendants admit that the TCA includes language quoted paragraph 7, but denies any violation of the TCA.

8. Admitted.

9. Admitted.

## ALLEGATIONS COMMON TO ALL COUNTS

10. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 10 and leave plaintiff to its proof.

11. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 11 and leave plaintiff to its proof.

12. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 12 and leave plaintiff to its proof.

13. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 10 and leave plaintiff to its proof.

14. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 14 and leave plaintiff to its proof.

15. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 15 and leave plaintiff to its proof.

16. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 16 and leave plaintiff to its proof.

17. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 17 and leave plaintiff to its proof.

18. Defendants admit that the Portsmouth Zoning Ordinance allows for antenna towers by special use permit; otherwise, the allegations of paragraph 18 are denied.

19. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 19 and leave plaintiff to its proof.

20. Admitted.

21. Defendant admits that Nextel submitted an application for a special use permit, with supporting materials, to the Board of Review; otherwise, defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 21 and leave plaintiff to its proof.

22. Admitted.

23. Defendants admit that Nextel submitted testimony and information in support of its proposed facilities, but denies that Nextel's evidence was sufficient to meet the criteria for a special use permit under the Portsmouth Zoning Ordinance.

24. Denied.

25. Defendants admit that at the end of the public hearing, after Nextel had completed the presentation of its case for a special use permit, and after comments by abutters and members of the public, Nextel requested to present additional testimony and that its request was denied by the Chairman of the Board; otherwise, the allegations of paragraph 25 are denied.

26. Defendants admit that Nextel's application for a special use permit was not granted; otherwise, the allegations of paragraph 26 are denied.

27. Admitted; defendants also refer to the entire record before the Board as support for the Board's Decision.

28. Defendants admit that in denying the application for a special use permit the Board considered, in part, that Nextel had not demonstrated that the proposal would comply with the 125% "free fall radius" restriction of Article VII, Section E(3) of the Zoning Ordinance, and that the Board's Decision criticized Nextel for failing to submit enough evidence to support its application; otherwise, the allegations of paragraph 28 are denied.

**AS AND FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(iii)**

29. Defendants repeat and incorporate herein by reference their responses to the allegations of paragraphs 1 through 28.

30. Denied.

31. Denied.

**AS AND FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(i)(II)**

32. Defendants repeat and incorporate herein by reference their responses to the allegations of paragraphs 1 through 31.

33. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 33 and leave plaintiff to its proof. Answering further, defendants state that the evidence submitted to the Board was insufficient to establish the allegations set forth in paragraph 33.

34. Denied.

WHEREFORE, Defendants demand judgment in their favor, dismissing Plaintiff's Complaint with prejudice, and awarding defendants their costs and reasonable attorneys' fees incurred.

Defendants,
TOWN OF PORTSMOUTH, RHODE ISLAND AND THE ZONING BOARD OF REVIEW OF THE TOWN OF PORTSMOUTH, RHODE ISLAND,
By their Attorney,

/s/ Kevin P. Gavin___________________
Kevin P. Gavin (#2969)
Portsmouth Town Solicitor
31 Harrington Avenue
Portsmouth, RI 02871
401-848-4555 Telephone
401-682-2122 Facsimile

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the within Answer was mailed on the 4th day of August, 2006 to the following:

Steven E. Grill, Esquire
Devine, Millimet & Branch, P.A.
111 Amherst Street
Manchester, NH 03101

Karen A. Pelczarski, Esquire
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903-1765

/s/ Kevin P. Gavin___________________