UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No. 06-318S |
| THE TOWN OF PORTSMOUTH, RHODE ISLAND, AND THE ZONING BOARD OF REVIEW OF THE TOWN OF PORTSMOUTH, RHODE ISLAND | : | |
| Defendants. | : | |

**WRITTEN STATEMENT OF CLAIMS**
**PURSUANT TO LOCAL RULE 16(c)**

Plaintiff Nextel Communications of the Mid-Atlantic Inc. d/b/a Nextel Communications ("Nextel"), by and through its attorneys, Devine, Millimet & Branch, Professional Association, and Blish & Cavanagh LLP respectfully submits the following Statement enumerating the elements that must be proved to sustain each of its claims, as follows:

1. This is an action pursuant to Section 704 of the Telecommunications Act of 1996, 47 U.S.C. §332(c)(7)(B), in which Nextel alleges that the defendant Town of Portsmouth, Rhode Island, acting through its Zoning Board of Review (hereinafter collectively referred to the "Town"), improperly refused Nextel permission to replace an existing eighty-one foot (81') tall electric transmission tower with a one hundred foot (100') tall monopole capable of supporting wireless telecommunications antennas. Nextel has asserted two claims for relief, including a claim that the Town's denial of Nextel's application violated the substantial evidence test set

forth in 47 U.S.C. §332(c)(7)(B)(iii), and a claim that the Town's denial of Nextel's application will result in Nextel being unable to close a significant gap in its wireless network, thereby effectively prohibiting Nextel from providing wireless services in violation of 47 U.S.C. §332(c)(7)(B)(i)(II).

2. Under applicable law, although Nextel ostensibly has the burden of proof on its first claim for relief, as a practical matter, the Town must establish that each specific basis articulated in the written decision which it issued to memorialize its denial of Nextel's application is supported by substantial evidence contained in a written record. See Southwestern Bell Mobile v. Todd, 244 F.3d 51 (1st Cir. 2001); National Tower, LLC v. Plainville Zoning Board of Appeals, 297 F.3d 14 (1st Cir 2002). While it is not incumbent upon the Town to direct the Court's attention to a large quantum of evidence in order to satisfy the substantial evidence test, there must be more than a scintilla of evidence which reasonably supports each of the rationales articulated by the Town in its written decision, and the Town also must show why it rejected the evidence proffered by Nextel. Id.

3. In order for Nextel to sustain its second claim for relief, Nextel has the burden to establish either that the application which the Town denied was the only feasible means for closing a significant gap in Nextel's network coverage, or that the denial evidences a regulatory policy pursuant to which criteria had been established which Nextel would be unable to meet with respect to any subsequent application and, therefore, that it would be a waste of time for Nextel even to try. See Second Generation Properties v. Town of Pelham, 313 F.3d 620 (1st Cir. 2002); see, also, Town of Amherst v. Omnipoint, 173 F.3d 9 (1st Cir. 1999).

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS**

By its Attorneys,

Dated: August 18, 2006

/s/Steven E. Grill, Esquire (admitted *pro hac vice*)
DEVINE, MILLIMET & BRANCH,
PROFESSIONAL ASSOCIATION
111 Amherst Street
Manchester, NH 03101
Telephone: (603) 669-1000
Facsimile: (603) 669-8547
sgrill@devinemillimet.com

/s/Karen A. Pelczarski, Esquire (Bar #3357)
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, Rhode Island 02903-1765
Telephone: (401) 831-8900
Facsimile: (401) 751-7542
kap@blishcavlaw.com

## CERTIFICATE OF SERVICE

I hereby certify on this 18th day of August 2006, a copy of the foregoing Statement of Claims was forwarded electronically to Kevin P. Gavin counsel for the defendants at kpgavin@aol.com.

/s/Karen A. Pelczarski, Esquire (Bar #3357)