UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS,

Plaintiff,

vs. : Civil Action No. CA 06-0318-S

THE TOWN OF PORTSMOUTH, RHODE ISLAND, et al.,

Defendants.

**AGREEMENT FOR JUDGMENT**

This Agreement for Judgment ("Agreement") is made this day of November 2006 by and among Nextel Communications of the Mid-Atlantic, Inc. d/b/a Nextel Communications ("Nextel"), the Town of Portsmouth, Rhode Island and the Zoning Board of Review of the Town of Portsmouth (collectively, the "Defendants"). All of the above parties shall be collectively referred to herein as the "Parties."

WHEREAS, Nextel commenced a civil action entitled Nextel Communications of the Mid-Atlantic, Inc. d/b/a Nextel Communications v. The Town of Portsmouth, et al., CA 06-0318-S in the United States District Court for the District of Rhode Island (the "Litigation") in which Nextel asserted claims against the Defendants arising out of the Defendants' denial of Nextel's application for a special use permit to allow Nextel to replace an existing 81-foot tall wooden electric utility pole with a metal pole of similar height, to install a fiberglass canister

atop the replacement pole and to install and operate related electronic equipment and utilities at the base of the replacement pole ( collectively, the "Facilities") within a utility easement owned by Narragansett Electric Company, RI (the "Site");

WHEREAS, Nextel alleged in the Litigation that the Defendants violated the Federal Telecommunications Act of 1996, which allegation the Defendants deny;

WHEREAS, the Parties wish to avoid further expense in connection with the Litigation and desire to settle and compromise all allegations made in the matters at issue in the Litigation;

WHEREAS, the Parties have agreed to settle the Litigation upon the terms contained herein;

NOW THEREFORE, the Parties through their counsel, stipulate and agree as follows:

1. Final Judgment shall enter in Nextel's favor, vacating the Board's decision as filed in the office of the Town Clerk on or about June 15, 2006, which denied Nextel's request for a special use permit in connection with the installation of its Facilities at the Site, and remanding and reopening the case for further proceedings consistent herewith.

2. Nextel shall promptly submit to the Defendant Zoning Board of review revised plans which shall be substantially similar to the plans previously submitted by Nextel, except that the plans shall show that the height of the replacement pole and canister will not exceed a maximum of ninety-four (94) feet above grade. The said revised plans shall be accompanied by a survey, stamped by a professional surveyor licensed in the State of Rhode Island, which survey shall identify a circular free fall zone with a radius equal to 125% of the height of replacement pole and canister, extending from the base of the pole, and which survey shall further demonstrate that within the said free fall zone, there are no existing residential structures and that the new residential structure planned for the parcel designated as Map 5, Lot 5 will be

located outside of said free fall zone. The said revised plans shall also be accompanied by information concerning the design and construction of the Facilities and concerning the geotechnical features of the installation thereof, which shall be stamped by a registered professional civil engineer licensed by the State of Rhode Island and which shall demonstrate that the diameter of the canister shall not exceed twenty (20) inches; that the diameter of the replacement pole shall not exceed twenty (20) inches at the top thereof and shall taper outward no more than 3/16 of an inch per foot from the top; and, that as so designed, constructed and installed, the replacement pole and canister will meet all applicable codes, standards and regulations regarding structural integrity and safety.

3. Nextel shall use its best efforts to submit the said revised plans, survey and engineering information no later than November 17, 2006. The Zoning Board and/or Nextel, as required by local regulation, shall thereupon issue new notices to abutters and, assuming the materials are filed by said date, then the Zoning Board shall place this matter on its agenda for its December 21, 2006 session, at which time a further public hearing shall be held on the revised application. At said further public hearing, any additional testimony, exhibits, public comment or other evidence shall be limited to the issues raised by the new information submitted by Nextel, namely, do the Facilities as modified conform to the free fall zone requirements of the Portsmouth Ordinance and does the proposed installation meet applicable codes standards and regulations regarding structural integrity and safety. The Board shall consider Nextel's revised application based on any additional evidence submitted and the evidence of record that was submitted at the prior hearings on April 20 and May 18, 2006, and its decision shall be limited to the two issues set forth in the preceding sentence.

4. This Agreement for Judgment fully and completely resolves all of Nextel's pending claims against the Defendants with respect to Nextel's proposed Facilities at the Site, including any and all claims arising from the Zoning Board of Review's denial of Nextel's request for a special use permit, any delays encountered in connection therewith, and any and all costs, including attorney's fees, associated therewith. This Agreement, however, shall have no effect on either party with respect to any future applications for zoning relief in other locations in Portsmouth or with respect to any future decisions.

5. The Parties acknowledge and agree that they have entered into this Agreement on the advice of counsel, voluntarily, and not as a result of any promise or representation except as set forth expressly herein.

6. This Agreement and the Judgment filed herewith constitute the entire agreement of the Parties, and it is expressly agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect, except by a writing duly executed by all of the Parties.

7. This Agreement shall inure to the benefit of, and be binding upon, the Parties to this Agreement and each of their officers, directors, shareholders, trustees, beneficiaries, insurers, agents, employees, attorneys, predecessors, successors and assigns.

8. This Agreement may be executed in counterparts, each of which shall be treated as an original.

NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. D/B/A NEXTEL COMMUNICATIONS, INC.

By its Attorneys

DEVINE, MILLIMET & BRANCH, P.A.

Dated: November 30, 2006

By: /s/Steven E. Grill, Esquire
*admitted pro hac vice*
111 Amherst Street
Manchester, NH 03101
Phone: 603-669-1000
e-mail: sgrill@devinemillimet.com

– and –

Dated: November 30, 2006

BLISH & CAVANAGH, LLP

By: /s/Karen A. Pelczarski #3357
30 Exchange Terrace
Providence, RI 02903
Telephone: (401) 831-8900
Facsimile: (401) 751-7542

Dated: November 30, 2006

THE TOWN OF PORTSMOUTH, et al.

By their Attorneys,

By: /s/Kevin P. Gavin, Esquire #2969
Town Solicitor
31 Harrington Avenue
Portsmouth, Rhode Island 02871
(401) 848-4555
e-mail: kpgavin@aol.com